Daniel Joseph Young, CDCR# AP5943
_Name and Prisoner/Booking Number_

CSP-Sacramento
_Place of Confinement_

P.O. Box 290066
_Mailing Address_

Represa, California 95671
_City, State, Zip Code_

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌─────────────────────────────┐
│           FILED             │
│       Mar 15, 2022          │
│  CLERK, U.S. DISTRICT COURT │
│ EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Daniel Joseph Young )
_(Full Name of Plaintiff)_ )
        Plaintiff, )
)
        v. )
) **CASE NO.** 2:22-cv-487-DB (PC)
(1) Jeff Lynch, et al.; ) _(To be supplied by the Clerk)_
_(Full Name of Defendant)_ )
(2) M. Sotelo; )
) **CIVIL RIGHTS COMPLAINT**
(3) D. Giardino; ) **BY A PRISONER**
)
(4) R. Bell; )
) ☒ Original Complaint
        Defendant(s). ) ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. ) ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CSP-Sacramento

Revised 3/15/2016                  1

## B. DEFENDANTS

1.  Name of first Defendant: ___Jeff Lynch___ . The first Defendant is employed as:
    Warden _____ at _CSP-Sacramento_
    _____(Position and Title)_____(Institution)_____

2.  Name of second Defendant: _M. Sotelo_ . The second Defendant is employed as:
    Correctional Officer ___ at _CSP-Sacramento_
    _____(Position and Title)_____(Institution)_____

3.  Name of third Defendant: _D. Giardino_ . The third Defendant is employed as:
    Correctional Officer ___ at _CSP-Sacramento_
    _____(Position and Title)_____(Institution)_____

4.  Name of fourth Defendant: _R. Bell_ . The fourth Defendant is employed as:
    Correctional Officer ___ at _CSP-Sacramento_
    _____(Position and Title)_____(Institution)_____

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

See Attached Supplement

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes   ☒ No

2.  If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _____
   Please see attached Supplement

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   See Supplement

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Supplement

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
   See attached Supplement

2. **Claim II.** Identify the issue involved.  Check **only one**.  State additional issues in separate claims.
   - [ ] Basic necessities
   - [ ] Mail
   - [ ] Access to the court
   - [ ] Medical care
   - [ ] Disciplinary proceedings
   - [ ] Property
   - [ ] Exercise of religion
   - [ ] Retaliation
   - [ ] Excessive force by an officer
   - [ ] Threat to safety
   - [ ] Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
   See Supplement

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
   See Supplement

   _____

   _____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim II?                     ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?           ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

   _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: _____
   See Attached Supplement

2. **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   See Supplement

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Supplement

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

$500,000.00;
Any other remidies the court may deem correct

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___March 15    2022___
                    DATE                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

1  Daniel Joseph Young, CDCR# AP5943
   CSP-Sacramento
2  P.O. Box  290066
   Represa, California   95671
3
   Plaintiff in pro se.
4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

11  DANIEL JOSEPH YOUNG,
                                        Case Number:
12              Plaintiff,

13      -vs-                            SUPPLEMENTAL CIVIL COMPLAINT

14  JEFF LYNCH, Warden, et al.,

15              Respondents.

16  ─────────────────────────────────────────────

17      COMES NOW, DANIEL JOSEPH YOUNG, Plaintiff in pro se, hereby

18  submits this SUPPLEMENTAL CIVIL COMPLAINT in support of his §1983

19  Civil Rights Complainr, under less stringent standards pursuant to

20  Ferdic v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)[1] where

21  the Ninth Circuit Court of Appeals instructs to "treat pro se

22  litigants with great leniency" due to being a layman at law and

23  as a statement of principles of United States Law, upon which

24  Plaintiff is entitled under Equal Protection Under the Law (U.S.

25  Const.Amend. 14th) for the reasons stated herein:

26  1) See Also Erickson v. Pardus, 551 US 89, 94; 127 S.Ct 2197; 167 L.Ed.2d 1081 (2007)

27

28  Plaintiff's Supplemental Civil Complaint

                            -1-

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, in pro se, hereby submits this MEMORANDUM in support of his Civil Rights Complaint, for the following reasons:

PARTIES:

Defendant Jeff Lynch was at all times relevant acting under color of state law in the position of WARDEN, employed by the California Department of Corrections and Rehabilitations (CDCR) at CSP-Sacramento and is being sued in his Individual Capacity;

Defendant M. Sotelo was at all times relevant acting under color of state law in the position of Correctional Officer, employed by the CDCR at CSP-Sacramento and is being sued in her Individual Capacity;

Defendant D. Giardino was at all times relevant acting under color of state law in the position of Correctional Officer, employed by the CDCR at CSP-Sacramento and is being sued in his individual Capacity;

Defendant R. Bell was at all times relevant acting under color of state law in the position of Correctional Officer, employed by the CDCR at CSP-Sacramento and is being sued in his Individual Capacity;

Defendant Sergeant Doe was at all times relevant acting under color of state law in the position of Correctional Sergeant, employed by the CDCR at CSP-Sacramento and is being suid in his Individual Capacity;

Plaintiff, Daniel Joseph Young was at all times relevant a state prisoner under the care of CDCR and the Defendants listed herein.

Plaintiff's Supplemental Civil Complaint

-2-

BACKGROUND:

On November 13, 2019, while housed in an Administrative Segregation Housing Unit, Plaintiff informed Defendant D. Giardino that he was experiencing Suicidal Ideation. Defendant responded by walking away leaving Plaintiff unattended for some during which time, Plaintiff swallowed razor(s) with the intent of killing himself.

After some time passed, likely at least a half hour, but may have been as much as an hour, Defendant Giardino returned with Defendants R. Bell and M. Sotelo and instructed Plaintiff to "cuff up and be a good little shit" as they grabbed Plaintiff's arms aggressively, twisting to place Plaintiff in hand cuffs behind Plantiff's back. The cuffs were applied extremely tightly, with the intent to cause Plaintiff pain, as circulation was cut off.

Defendants Giardino and Bell each took one of Plaintiff's arms and escorted Plaintiff down stairs and roughly shoved Plaintiff into the wall and proceeded to roughly apply ankle restraints.

As soon as Plaintiff was tightly restrained, Defendants began verbally degrading Plaintiff in tandem as one said, "Fag Boy" followed by another saying, "Faggot," another with "Stupid little boy," and other derogatory comments intended to offend Plaintiff as Plaintiff identifies as a female or transgender. They knew referring to Plaintiff as a "boy" would greatly offend Plaintiff.

/ / / / /

Plaintiff's Supplemental Civil Complaint

-3-

As the Defendants escorted Plaintiff to speak with a nurse, Defendant Giardino told the others that Plaintiff had something in her hands at which time Plaintiff was body-slammed onto Plaintiff's head and Defendant Sotelo jumped onto Plaintiff's back as she laid prostrate and remained cuffed behind her back in leg irons as Defendant Sotelo began punching Plaintiff in the head and back.

Defendant Sergeant Doe grabbed Defendant Sotelo and pulled her off of Plaintiff and Defendant Sotelo tore away from Defendant Sergeant Doe to continue beating on Plaintiff.

Plaintiff suffered injuries in the form of:

1) Split left eyebrow requiring stiches and leaving a permement scar;

2) Psychological damage, such as PTSD and fear of Peace Officers who have the duty to protect, but instead lean more on the side of becoming the ones inmates need protection from;

3) Defendants, in support of the Code of Silence, issued Plaintiff a ficticious Rules Violation report.

CLAIM ONE:   DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH AMENDED RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT:

Defendants Giardino, Bell and Sotelo violated Plaintiff's Eighth Amendment Rights to be Free from Cruel and Unusual Punishment when they used excessive and unnecessary force in the application of the restraints, both handcuffs and the leg irons.

CLAIM TWO:   DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT:

/ / / / / / /

Plaintiff's Supplemental Civil Complaint

-4-

1    Defendants Giadino and Bell violated Plaintiff's Eighth

2    Amendment Right to be Free from Cruel and Unusual Punishment

3    when they applied excessive and unnecessary force by slamming

4    Plaintiff into the wall.

5    CLAIM THREE: DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH
              AMENDMENT RIGHT UNDER DELIBERATE

6              INDIFFERENCE STANDARD:

7    Defendant Sotelo violated Plaintiff's Eighth Amendment

8    Right under the Deliberate Indifference Standard when Defendants

9    Giardino and Bell 1) Applied the Restraints using excessive and

10   unnecessary force, and 2) slammed Plaintiff into the wall by not

11   intevening to either stop or minimize the unnecessary use of

12   force which was exasperated by intentionally not reporting the

13   Defendants' unnecessary and excessive use of force.

14   CLAIM FOUR:   DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH
              AMENDMENT RIGHT TO BE FREE FROM CRUEL

15              AND UNUSUAL PUNISHMENT:

16   Defendants Giardino and Bell violated Plaintiff's Eighth

17   Amendment Right to be free from Cruel and Unusual Punishment

18   when they slammed Plaintiff to the ground using excessive and

19   unnecessary force to do so, where there was no reason to use

20   any kind of force.

21   CLAIM FIVE:   DEFENDANT VIOLATED PLAINTIFF'S EIGHTH
              AMENDMENT RIGHT UNDER DELIBERATE

22              INDIFFERENCE STANDARD:

23   Defendant Sotelo violated Plaintiff's Eighth Amendment

24   Right when she intentionally did not intervene or try to mini-

25   mize the force being used by Defendants Giardino and Bell when

26   they excessively and unnecessarily slammed Plaintiff to the floor.

27   / / / / / / /

28   Plaintiff's Supplemental Civil Complaint

-5-

1    CLAIM SIX:   DEFENDANT VIOLATED PLAINTIFF'S EIGHTH
                  AMENDMENT RIGHT TO BE FREE OF CRUEL
2                 AND UNUSUAL PUNISHMENT:

3    Defendant Sotelo violated Plaintiff's Eighth Amendment

4    Right to be Free of Cruel and Unusual Punishment when she flew

5    into a rage and jumped onto Plaintiff's back and began beating

6    Plaintiff.   This violation was exasperated when Defendant Sotelo

7    tore away from Defendant Sergeant Doe and continued to beat on

8    Plaintiff.

9    CLAIM SEVEN: DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH
                  AMENDMENT RIGHT UNDER DELIBERATE
10                INDIFFERENCE STANDARD:

11   Defendants Giardino and Bell violated Plaintiff's Eighth

12   Amendment Right under the Deliberate Indifference Standard

13   when niether Defendant attempted to stop Defendant Sotelo from

14   beating on Plaintiff, nor did they attempt to minimize the fury

15   unleashed by their coworker.

16   CLAIM EIGHT: DEFENDANTS VIOLATED PLAINTIFF'S FIRST
                  AMENDMENT RIGHT TO ACCESS THE COURTS:
17

18   All the above Defendants violated Plaintiff's First

19   Amendment Right to Access the Courts when they retaliated against

20   Plaintiff with a false Rules Violation Report because Plaintiff

21   informed them that she would be filing an Administrative

22   Grievance known as a Staff Complaint.

23   CLAIM NINE: DEFENDANT VIOLATED PLAINTIFF'S EIGHTH
                 AMENDMENT RIGHT UNDER THE DELIBERATE
24               INDIFFERENCE STANDARD:

25   Defendant Jeff Lynch violated Plaintiff's Eighth Amend-

26   ment Rights under the Deliberate Indifferent Standard where he

27   / / / / / / /

     Plaintiff's Supplemental Civil Complaint

28

1  created an environment of deliberate indifference and abuse by

2  activly supporting the Code of Silence in covering up Staff

3  Misconduct by his subordinates when reports come across his

4  desk of the Misconduct and he merely rubber stamps them.

5  Defendant Lynch has a long history of covering up misconduct

6  that includes the death of at least two Correctional Officers

7  who tried to report Staff Misconduct they witnessed, especailly

8  from the elite Investigations Services Unit who only reports to

9  Defendant Lynch.

        CLAIM TEN: DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH
10                  AMENDMENT RIGHT TO BE FREE FROM CRUEL
                    AND UNUSUAL PUNISHMENT AND UNDER THE
11                  DELIBERATE INDIFFERENCE STANDARD:
12

13     All the Defendants have violated Plaintiff's Eighth Amend-

14  ment under both the Cruel and Unusual Punishment and the

15  Deliberate Indifference Standards, as well as the California

16  Constitution and California Penal Code §2635, SADEA, which is

17  California's version of PREA, where CLAIMS ONE through NINE

18  were committed because of Plaintiff's Transgenderism.

        CLAIM ELEVEN: DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH
19                    AMENDMENT RIGHT UNDER THE DELIBERATE
20                    INDIFFERENCE AND FIRST AMENDMENT RIGHT
                      TO BE FREE FROM RETALIATION:
21

22     Defendant's Sotelo, Bell, Giardino and Sergeant Doe violated

23  Plaintiff's Eighth and First Amendment Rights when they filed

24  false reports (CDCR Form 837, Crime Incident Report and Use of

25  Force Reports) after physically battering Plaintiff in order to

26  cover up for the injuries Plaintiff suffered from their attacks

27  / / / / /

28  Plaintiff's Supplemental Civil Complaint

1   in furtherence of the Code of Silence.  Defendant Sergeant Doe

2   further violated these rights when he did not pursue Defendant

3   Sotelo's unnecessary and excessive use of force for beating on

4   Plaintiff as Defendant Sergeant Doe tried to pull Sotelo off of

5   Plaintiff.

6            CLAIM TWELVE: DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH
                      AMENDMENT RIGHT UNDER THE DELIBERATE
7                     INDIFFERENCE STANDARD:

8        Defendant D. Giardino violated Plaintiff's Eighth Amend-

9   ment Right under the Deliberate Indifference Standard when

10  Defendant was informed that Plaintiff was suicidal and Defendant

11  responded by walking away and leaving Plaintiff alone to harm

12  her-self.  The act of walking away had a severe effect on

13  Plaintiff, reinforcing Plaintiff's belief that nobody cared, but

14  even worse; that most people would rather see Plaintiff dead

15  because of being a Transgender Woman.  Seething hatred targetting

16  Plaintiff her entire life for seemingly no reason.

17       Plaintiff, wishing for it all to just be over, then

18  swallowed several razor blades which cause abdominal pain.  The

19  act of walking away triggered PTSD symptoms resurfacing internal

20  shame and lothing for being cursed with male body parts.  And

21  then when help did arive, it resulted in Plaintiff being beaten

22  and abused.

23       Submitted This 15 day of march, 2022

24

25       D~idd Y~⊖

26

27

Plaintiff's Supplemental Civil Complaint

28                              -8-

Daniel Joseph Young, CDCR# AP5943
CSP-Sacramento
P.O. Box  290066
Represa, California  95671

Plaintiff in pro se.

UNITED STATES DISTRICT COURT

FOR THE ___EASTERN_____ DISTRICT OF CALIFORNIA

___SACRAMENTO_____ DIVISION

DANIEL JOSEPH YOUNG,

                    PLAINTIFF,

          -vs-

JEFF LYNCH, et al.,

                    DEFENDANTS,

CASE NUMBER:

DECLARATION OF:
       DANIEL JOSEPH YOUNG

IN SUPPORT OF HER CIVIL COMPALINT

D E C L A R A T I O N

I, DANIEL JOSEPH YOUNG, in pro se, hereby state the following:

1)  I am over the age of majority, reside in a California Prison and am the Plaintiff in this cause;

2)  If called to testify, this represents a sample of how I would testify;

3)  On November 13, 2019, while housed in an Administrative Segregation Unit, I informed Officer D. Giardino that I was sucidal.  Giardino walked away and left me by myself.

4)  This act of walking away with scorn on Giardino's face

/ / / / / /

Declaration of Daniel Joseph Young in Support of Plaintiff's
Civil Complaint

-1-

left me feeling lower than dirt, reinforcing the hate I've received all my life; hopelessness and uselessness. All I wanted at this point was to just have it all over with.

5) I swallowed several razor blades with the intent of killing myself; not a very well thoughtout plan. I didn't consider the efficacy of the act, the damage it could do to my body or how long it might take; considering whatever suffering I would endure while waiting for the desired affect.

6) What seemed like an eternity pass when Defendants D. Giardino, R. Bell and M. Sotelo arived to my cell and spat at me to "cuff up and be a good little shit."

7) I turned my back to them and surrendered my wrists to the food port on the door so they could handcuff me behind my back, as is custom.

8) Defendants roughly grabbed my arms and twisted while pulling my arms through the food port in a painful and unnatural manner placing the handcuffs on my wrist extremely tightly, cutting into my wrist restricting blood-flow to my hands.

9) When the tower officer opened my cell door, Defendants Giardino and Bell each took one of my arms in the escort down-stairs where they slammed me against a wall and roughly yanked my legs up and forcefully placed leg irons extremely tightly onto my ankles.

10) Immediately after, Defendants Giardino, Bell and Sotelo became verbally abusive, taking turns shooting off insults at me. One said, "Fag Boy," and another said, "Faggot." And

/ / / / / / / /

Declaration of Daniel Joseph Young in Support of Plaintiff's Civil Complaint

-2-

1    another said, "Stupid little boy." Knowing that I am a Trans-

2    gender Woman, they were shaming me intentionally for having

3    male bodyparts. There are few insults that cut me so deeply

4    and these Defendants capitolized on that fact.

5        11) Further, making these statements informed Plaintiff that

6    their abuses were motivated by hate for who and what I am. That

7    knowledge frightens me because that kind of rage has never

8    seemed rational to me. To HATE so intensely for simply BEING

9    defies all logic. There is nothing I can do to keep from being

10    a victim to such rage. I have not done anything to them or their

11    families. But also, to be the constant recipient of such

12    hatred over the course of my entire life has had an indelible

13    impact on my mental health.

14        12) Sudenly Defendant Giardino stated that I had something

15    in my hands behind my back (cuffed). As I turned to try to say

16    that I had nothing in my hands and to show them my hands, Defendants

17    Giardino and Bell slammed my body onto the floor, bashing my

18    face into the ground.

19        13) Then Defendant Sotelo jumped on my back and started

20    beating me with her fists on my head and body.

21        14) Sergeant Doe tried to pull Sotelo off of me, but

22    Sotelo pulled away from Sergeant Doe and continued in her rage

23    to beat me.

24        15) None of these Defendants filed a report documenting

25    their participation or each others' actions in the abuse I

26    received.

27    / / / / / / / / /

28    Declaration of Daniel Joseph Young in Support of Plaintiff's
Civil Complaint

-3-

1   16)  Instead, Plaintiff was issued a Rules Violation
2   Report alleging Plaintiff did something requiring the use of
3   force in order to justify the injuries I received.

4   17)  There is no way Plaintiff could have done anything to
5   or against them as Plaintiff was tightly cuffed behind her back
6   and wearing tight leg irons.  Plaintiff could barely walk due
7   to the tightness.

8   The above statement is made under penalty of perjury under
9   the laws of California (Penal Code §72) and United States Law
10  (28 U.S.C. §1746), made by personal knowledge except where
11  indicated by information and belief, and is true and factual.

12  Respectfully sworn to, by me, this _15_ day of March,
13  2022.

14
15
16  Daniel Joseph Young, CDCR# AP5943,
    Declarant/Plaintiff in pro se.

17
18
19
20
21
22
23
24
25
26
27

28  Declaration of Daniel Joseph Young in Support of Plaintiff's
    Civil Complaint
                              -4-