UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH YOUNG, | No. 2:22-cv-0487 DB P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al.. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated some cognizable claims, and gives plaintiff an opportunity to either amend her complaint or proceed on the cognizable claims in her current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff is an inmate at California State Prison-Sacramento ("CSP-Sac"). She complains of conduct that occurred there in 2019. Plaintiff identifies the following defendants: (1) Warden Jeff Lynch; (2) Correctional Officer ("CO") M. Sotelo; (3) CO D. Giardino; and (4) CO R. Bell. Plaintiff also complains of conduct by an unnamed correctional sergeant, "Sgt. Doe."

Plaintiff alleges that on November 13, 2019, she told defendant Giardino that she was suicidal. Giardino then left plaintiff unattended for 30 minutes to an hour, during which time plaintiff swallowed several razor blades. Giardino returned with defendants Sotelo and Bell. These defendants then used unnecessary and extreme force to restrain plaintiff and called plaintiff derogatory names regarding plaintiff's gender identity. As plaintiff was being taken to see a nurse, defendants Giardino, Sotelo, and Bell "slammed" plaintiff to the ground and Sotelo punched plaintiff in the head and back. Defendant Doe attempted to pull Sotelo away, but was unsuccessful.

As a result of the incident, plaintiff suffered a split eyebrow, which required stitches, pain, and fear. Plaintiff also claims: (1) she was issued a "fictitious" incident report in retaliation for telling defendants she intended to file a grievance regarding the incident; and (2) defendant Warden Lynch actively created an environment of deliberate indifference and abuse by covering up staff misconduct.

**B. Does Plaintiff State Claims Cognizable under Section 1983?**

　　**1. Eighth Amendment Excessive Force**

To adequately allege a violation of the Eighth Amendment right to be free of excessive force, plaintiff most show the force was applied "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10).

Plaintiff's allegations that she was restrained with unnecessary force, slammed to the ground, and punched are sufficient to state a claim that defendants Giardino, Sotelo, and Bell violated her Eighth Amendment rights.

　　**2. Retaliation**

To state a First Amendment claim for retaliation, plaintiff must allege facts showing : (1) a state actor took an adverse action against her (2) because of (3) her exercise of protected conduct, and that such action (4) chilled her exercise of her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); see also Nyland v. Calaveras Cty. Sheriff's Jail, 688 F. App'x 483, 485 (9th Cir. 2017) (citing Rhodes standards in case of pretrial detainee).

Plaintiff contends "all defendants" retaliated against her in violation of her First Amendment rights. She states that she told defendants she intended to file a grievance based on the excessive

force incident and defendants retaliated against her by issuing a "false Rules Violation Report." These allegations are insufficient to state a claim. Plaintiff must show how each defendant personally participated in the alleged act of retaliation. That means she must allege facts showing the defendant knew plaintiff intended to submit a grievance, the defendant was responsible for issuing the Rules Violation Report, and the defendant issued that report to retaliate against plaintiff for stating that she intended to file a grievance. Plaintiff's retaliation claim will be dismissed with leave to amend.

### 3. Supervisory Liability

Plaintiff contends defendant Lynch has a history of covering up staff misconduct which created a prison environment that permits abuse of prisoners. This contention is inadequate to state a claim for relief under § 1983. In order to state a claim that a prison official in a supervisory position violated his rights, plaintiff must specifically show a causal link between that defendant and the claimed constitutional violation. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's general allegation that Lynch created an "environment" is insufficiently specific. To state a claim, plaintiff must allege facts showing that Lynch's conduct constituted a policy, that Lynch was directly responsible for that policy, that Lynch knew the policy could cause plaintiff harm, and just how the policy harmed plaintiff. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Plaintiff must show a specific connection between Lynch's actions and the harm plaintiff suffered. Plaintiff's claim against Lynch will be dismissed with leave to amend.

### 4. SADEA Claim

Plaintiff next contends that defendants violated her rights because she is transgender, in violation of California's Sexual Abuse in Detention Elimination Act ("SADEA"), Cal. Penal Code §§ 2635-4643. It does not appear, and plaintiff fails to show, that the SADEA creates a private right of action under either state or federal law. As plaintiff notes, the federal Prison Rape Elimination Act ("PREA") is similar to the SADEA. The PREA, 42 U.S.C. §§ 15601-15609,

"authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission." See Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases).  However, there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983 or otherwise. Id.  Since the PREA itself contains no private right of action, it does not create a right enforceable under § 1983.  See Reed v. Racklin, No. 2:17-cv-0799 WBS AC P, 2019 WL 4745266, at *6 (E.D. Cal. Sept. 30, 2019).  This court finds no basis to determine that the SADEA does create such a right.  Accordingly, plaintiff's SADEA claim will be dismissed.

### 5. False Reports

Plaintiff claims defendants Giardino, Sotelo, Bell, and Doe filed false reports to cover up their infliction of plaintiff's injuries.  While that allegation may be relevant to plaintiff's excessive force claims, the falsification of a disciplinary report does not state a stand-alone constitutional claim.  See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).  Therefore, it will be dismissed.

### 6. Medical Care

Plaintiff claims defendant Giardino acted with deliberate indifference when he left plaintiff unattended for a significant period of time after she told him she was suicidal.  As a result, plaintiff self-harmed by swallowing razor blades. To allege an Eighth Amendment violation in the medical context, plaintiff must show that she had a serious medical need and that a defendant responded to that need with deliberate indifference.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  To prove that a delay in medical care violated the Eighth Amendment, plaintiff must also show that she suffered injury as a result of defendants' conduct.  Id.  Plaintiff has alleged a potentially cognizable claim that Giardino was deliberately indifferent to her serious medical needs.

## CONCLUSION

This court finds above that plaintiff has stated the following cognizable claims:  (1) an Eighth Amendment excessive force claims against defendants Giardino, Sotelo, and Bell; and (2) an

Eighth Amendment medical claim against defendant Giardino.  This court further finds that plaintiff has failed to state any other claims.

Plaintiff has a choice.  She may proceed on her Eighth Amendment claims against Giardino, Sotelo, and Bell or she may amend the complaint to attempt to also state other claims.  Plaintiff is warned that in any amended complaint she must include ALL claims she wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, she must address the problems with her complaint that are explained above.  Plaintiff is advised that in an amended complaint she must clearly identify each defendant and the action that defendant took that violated her constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, she must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for her allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated cognizable Eighth Amendment claims against defendants Giardino, Sotelo, and Bell for excessive force and a cognizable Eighth Amendment medical claim against defendant Giardino.

4. Plaintiff's other claims are dismissed with leave to amend.

5. Plaintiff may choose to proceed on her cognizable claims set out above or she may choose to amend her complaint.

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how she would like to proceed in this action.

8

7. Plaintiff is warned that her failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 28, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/youn0487.scrn lta or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0487 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_	Plaintiff wants to proceed immediately on her Eight Amendment excessive force claims against defendants Giardino, Sotelo, and Bell and her Eighth Amendment medical claim against defendant Giardino.  Plaintiff understands that by going forward without amending the complaint she is voluntarily dismissing all other claims.


\_\_\_\_\_	Plaintiff wants to amend the complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff Daniel Joseph Young, Pro Se

10