UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al..<br><br>Defendants. | No. 2:22-cv-0487 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, this court finds plaintiff has stated some claims, and gives plaintiff an opportunity to either file an amended complaint or proceed on the cognizable claims in her first amended complaint.

**BACKGROUND**

Plaintiff is incarcerated at California State Prison, Sacramento. She complains of conduct that occurred there in 2019. On screening plaintiff's original complaint, this court found: (1) plaintiff stated cognizable Eighth Amendment excessive force claims against Correctional Officers M. Sotelo, D. Giardino, and R. Bell; (2) plaintiff stated a cognizable claim that defendant Giardino was deliberately indifferent to her serious medical needs in violation of the Eighth Amendment; and (3) plaintiff failed to state claims against defendants Warden Lynch or

Correctional Sergeant Doe. This court permitted plaintiff to choose to proceed on her cognizable claims or file a first amended complaint. Plaintiff chose to file a first amended complaint.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the first amended complaint, plaintiff again adequately alleges claims against Correctional Officers M. Sotelo, D. Giardino, and R. Bell for excessive force and against Giardino for deliberate indifference to her medical needs. Plaintiff will be permitted to proceed on these Eighth Amendment claims.

With respect to defendant Doe, plaintiff alleges Doe witnessed the excessive force incident but failed to follow protocol by documenting the excessive force. This failure permitted the other defendants to file false reports regarding the incident, resulting in an extension of plaintiff's time in segregation. These allegations do not state a claim under § 1983. Plaintiff has no constitutional right to have an officer follow prison protocols or report the conduct of other officers. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir.2009) (alleged failure to follow prison policy does not establish federal constitutional violation). Further, to the extent plaintiff alleges Doe intentionally aided in the filing of false reports, as plaintiff was informed in this court's prior screening order, the falsification of a disciplinary report does not state a stand-alone constitutional claim. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (no right to be free of false charges); Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at

*5 (E.D. Cal. Feb. 27, 2017).  Plaintiff's claims against defendant Doe will be dismissed.

Plaintiff next alleges she told defendants Sotelo, Giardino, and Bell she intended to file grievances against them for excessive force.  In retaliation, they conspired to provide false information, and did provide false information, for a disciplinary action against plaintiff.  These allegations are sufficient to state a claim that defendants Sotelo, Giardino, and Bell retaliated against plaintiff in violation of her First Amendment rights.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); see also Nyland v. Calaveras Cty. Sheriff's Jail, 688 F. App'x 483, 485 (9th Cir. 2017).

Finally, plaintiff contends defendant Lynch denied plaintiff's grievances regarding the actions of the other defendants.  As a result, those other defendants were not disciplined and plaintiff was prejudiced in "seeking justice against them."  Plaintiff fails to state claims against Lynch under § 1983 for several reasons.  First, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Second, plaintiff fails to show he has a constitutional right to have an officer disciplined, and this court is aware of no such right.  Third, plaintiff fails to show Lynch intentionally prevented her from "seeking justice" and that she has, in fact, been denied the right to pursue claims against the other defendants.

## CONCLUSION

This court finds above that plaintiff has stated the following cognizable claims:  (1) Eighth Amendment excessive force claims against defendants Giardino, Sotelo, and Bell; (2) an Eighth Amendment medical claim against defendant Giardino; and (3) First Amendment retaliation claims against Giardino, Sotelo, and Bell.  This court further finds that plaintiff has failed to state any other claims.

Plaintiff has a choice.  She may proceed on her Eighth and First Amendment claims against Giardino, Sotelo, and Bell or she may amend the first amended complaint to attempt to also state other claims.  Plaintiff is advised, however, that his court finds it very unlikely she will be able to

state claims against defendants Doe or Lynch.  On the facts plaintiff has presented, this court is unable to discern any potential constitutional claims against either defendant.  That said, this court will give plaintiff one final opportunity to attempt to state claims against those defendants, if she wishes.

In the prior screening order, this court set out the standards for filing an amended complaint.  They will not be restated here.  Plaintiff is reminded that in any amended complaint she must include all claims she wishes to proceed on in this action and must allege facts showing just how each defendant violated her constitutional rights.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated Eighth Amendment claims against defendants Giardino, Sotelo, and Bell for excessive force; an Eighth Amendment medical claim against Giardino; and First Amendment retaliation claims against Giardino, Sotelo, and Bell.

2. Plaintiff's claims against Lynch and Doe are dismissed with leave to amend.

3. Plaintiff may choose to proceed on her cognizable claims set out above or she may choose to amend her first amended complaint.

4. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how she would like to proceed.

5. Plaintiff is warned that her failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  July 6, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/civil rights/S/youn0487.FAC scrn lta or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al.,<br><br>Defendants. | No. 2:22-cv-0487 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on her Eight Amendment excessive force claims against defendants Giardino, Sotelo, and Bell, her Eighth Amendment medical claim against defendant Giardino, and her First Amendment retaliation claims against defendants Giardino, Sotelo, and Bell.  Plaintiff understands that by going forward without amending the complaint she is voluntarily dismissing all other claims.

\_\_\_\_    Plaintiff wants to amend the first amended complaint.

DATED:_____

_____<br>Plaintiff Daniel Joseph Young, Pro Se

5